**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>        v.<br>JAMIE MANNING,<br><br>                      Defendant. | **OPINION**<br><br>Cr. No. 14-326 (WHW) |

**Walls, Senior District Judge**

In anticipation of trial, Defendant Jamie Manning has filed an omnibus motion seeking various forms of relief. Notice of Pretrial Mots., ECF No. 44. The Government has responded to all arguments and cross-moved to compel Mr. Manning to produce reciprocal discovery. Mem. in Opp. & Cross-Mot. ("Govt. Opp."), ECF No. 46. Without oral argument under Fed. R. Civ. P. 78(b), the Court denies Mr. Manning's motion in part and grants it in part. The Court grants the Government's cross-motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In a superseding indictment filed on October 10, 2014, the Government charged Mr. Manning with one count of conspiracy to commit carjacking, three counts of carjacking, one count of attempted carjacking, and four counts of use of a firearm in furtherance of a crime of violence. Superseding Indictment, ECF No. 40. The Court entered an Order for Discovery and Inspection on October 29, 2014. Order for Disc. & Inspec., ECF No. 43. On November 11, 2014, before Mr. Manning's trial date was postponed from November 24, 2014 to April 21, 2015, Mr. Manning filed the present omnibus motion.

1

**NOT FOR PUBLICATION**

Mr. Manning seeks a suppression hearing on the admissibility of photo array identification evidence and a hearing on the audibility of any recordings the Government intends to present at trial. *Id.* Mr. Manning also seeks an order compelling the Government to immediately disclose all statements of his alleged co-conspirator, Corey Thermitus, and a hearing on the statements' admissibility. *Id.* Mr. Manning further seeks an order compelling the Government to produce all Fed. R. Evid. 404(b) materials and *Brady* materials; to provide early disclosure of Jencks Act materials and scientific reports and memoranda; and to give written notice of any impeachment evidence the Government intends to introduce under Fed. R. Evid. 609. *Id.* Finally, Defendant requests permission to file additional motions as discovery and investigation require. *Id.* The Government has responded to each argument, and cross-moves to compel Defendant's production of reciprocal discovery under Fed. R. Crim. P. 16(b) and 26.2. The Court considers these motions in turn.

## DISCUSSION

**1. Motion for Suppression Hearing on Admissibility of Photo Array Identification Evidence**

Mr. Manning moves for a suppression hearing on the admissibility of photo array identification evidence under Fed. R. Crim. P. 12(b)(3)(C). Def.'s Mem. 2, ECF No. 44-1. The Government opposes. Govt. Opp. 2-5.

Out-of-court identification evidence is permitted unless it "was so unnecessarily suggestive as to give rise to such a substantial likelihood of irreparable misidentification that admitting the identification testimony would be a denial of due process." *United States v. Clausen*, 328 F.3d 708, 713 (3d Cir. 2003). "The first question is whether the initial identification procedure was 'unnecessarily' or 'impermissibly' suggestive." *United States v. Stevens*, 935 F.2d 1380, 1389 (3d

Cir. 1991). If it is found to be so, "the next question is whether the procedure was so 'conducive to . . . mistaken identification' or gave rise to such a 'substantial likelihood of . . . misidentification' that admitting the identification would be a denial of due process." *Id.*

Mr. Manning does not argue that the Government's photo identification procedure was unnecessarily or impermissibly suggestive. Def.'s Reply 2, ECF No. 47. Instead, Mr. Manning argues his "photos were included in the photo arrays as a result of statements allegedly made by co-defendant Corey Thermitus" and that he has a Sixth Amendment right to confront Mr. Thermitus. Def.'s Mem. 2; Def.'s Reply 2. This argument fails because the Government does not intend to introduce any statement made by Mr. Thermitus at trial. Govt. Opp. 4-5. The Government seeks to present "the carjacking victims' photo identifications of [Mr. Manning]," Govt. Opp. 2, rather than any testimonial statement by Mr. Thermitus that would give rise to Mr. Manning's confrontation right. *See Crawford v. Washington*, 541 U.S. 36, 59 (2004). A victim's identification of Mr. Manning in a photo array cannot be considered a statement by Mr. Thermitus. Because the Court sees no basis for finding the Government's photo array identification evidence improper, the Court denies Mr. Manning's motion for a suppression hearing.

   **2. Motion for Hearing on Audibility of Recordings**

Mr. Manning moves for a hearing on the audibility and clarity of any tape or video recordings the Government seeks to present as evidence. Def.'s Mem. 5. Mr. Manning correctly asserts that the Government "must establish a proper foundation for" any recordings offered into evidence under Fed. R. Evid. 901, but this requirement does not necessitate a pre-trial hearing. In *United States v. Starks*, 515 F.2d 112, 122 (3d Cir.1975), the Court of Appeals for the Third Circuit held that "[w]hen a colorable attack is made as to a tape's authenticity and accuracy, the burden on those issues shifts to the party offering the tape," who must then "prove its chain of custody."

**NOT FOR PUBLICATION**

Here, Mr. Manning has not presented a "colorable attack" as to the authenticity of any audiotape or video tape so as to shift the burden to the Government and justify a pre-trial hearing. *See United States v. Gatson*, Cr. No. 13-705 (WJM), 2014 WL 7182275, at *26 (D.N.J. Dec. 16, 2014). The Court denies Mr. Manning's motion for a hearing on the audibility of recordings.

3. **Motion for Order Compelling Disclosure of Alleged Co-Conspirator Statements and Hearing on Admissibility**

Mr. Manning moves for an order compelling the Government to disclose all alleged co-conspirator statements and requests a hearing on the statements' admissibility. Def.'s Mem. 3-4. Mr. Manning argues that his co-defendant Corey Thermitus "made statements to law enforcement at the time of his arrest" and that the statements should be disclosed because they are admissible under Rule 801(d)(2)(E). Def.'s Mem. 4. Rule 801(d)(2)(E) provides an exclusion from the hearsay rule for statements "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Government argues that no disclosure is required because it has already "made the statement available to Defendant for review" and because it "does not intend to introduce any statement made by Corey Thermitus to law enforcement as evidence in Defendant's trial." Govt. Opp. 6-7. Because the Government represents that it has disclosed the relevant statement to Mr. Manning and that it will not introduce any statements made by Corey Thermitus to law enforcement at trial, the Court denies Mr. Manning's motion for disclosure and a hearing as moot.

4. **Motion for Order Compelling Production of Rule 404(b) Materials and Hearing on Admissibility**

Mr. Manning moves for an order compelling disclosure of all "evidence of other crimes" which the Government intends to introduce at trial under Fed. R. Evid. 404(b), and a hearing on

4

its admissibility. Def.'s Mem. 6-7. The Government contends that this motion is premature and moot because the Court's existing October 29, 2014 Order for Discovery and Inspection already requires that the Government notify Mr. Manning of any Rule 404(b) evidence ten days before the start of trial. Govt. Opp. 9. The Court agrees that its existing order is sufficient, *see* Order for Disc. & Inspec. 4-5, and denies Mr. Manning's motion as moot.

### 5. Motion for Order Compelling Production of *Brady* Materials

Mr. Manning moves for early disclosure of all evidence favorable to Mr. Manning which is "material either to guilt or punishment" under *Brady v. Maryland*, 373 U.S. 83 (1963). The Government responds that it has "provided Defendant with all materials, if any, which would tend to exculpate Defendant or mitigate his responsibility" and has thereby satisfied its obligations under *Brady*. Govt. Opp. 10. The Government further promises that it will continue to comply with its *Brady* obligations if applicable evidence should come to light. *Id.* The Court's standing Order for Discovery and Inspection requires that the Government provide *Brady* materials to Mr. Manning, *see* Order for Disc. & Inspec. 2, and the Court has received no indication that the Government has failed to do so. Because no further order regarding the Government's *Brady* obligations is necessary at this time, the Court denies Mr. Manning's motion.

### 6. Motion for Order Compelling Early Disclosure of Jencks Act Materials

Mr. Manning moves for early disclosure of Jencks Act, 18 U.S.C. § 3500, materials. Def.'s Mem. 10. The Government responds that it "has already produced early Jencks Act material for several of its potential witnesses in discovery, and will produce additional Jencks Act material at least seven days before the start of trial." Govt. Opp. 11. The Court's standing Order for Discovery and Inspection requires that the Government disclose Jencks Act material "sufficiently in advance of the witness's testimony to avoid delay in the trial." Order for Disc. & Inspec. 5. The Court finds

that the Government's agreement to produce all additional Jencks Act material at least seven days before the start of trial is sufficient. The Court grants Mr. Manning's motion and orders that the Government produce all remaining Jencks Act material seven days before the start of trial.

### 7. Motion for Order Compelling Written Notice of Rule 609 Evidence and Hearing on Admissibility

Mr. Manning moves for an order compelling the Government to provide sufficient pre-trial written notice of any impeachment evidence it intends to introduce under Fed. R. Evid. 609 and, "if necessary, a pretrial hearing to allow a fair opportunity to contest such evidence." Def.'s Mem. 12-13. The Government responds that, should Mr. Manning testify at trial, it will seek to admit impeachment evidence under Rule 609 of his 2009 conviction for receiving stolen property and his two 2008 convictions for manufacturing and distributing controlled dangerous substances. Govt. Opp. 12.

Rule 609(a)(1) allows, for the purpose of attacking the credibility of an accused, the admission of evidence that the accused has been convicted of any crime punishable by death or imprisonment in excess of one year if the court determines that the probative value of admitting that evidence outweighs the prejudicial effect to the accused. Fed. R. Evid. 609(a)(1). The only notice requirement in Rule 609 is that the government provide "sufficient advance written notice" of its intent to use evidence of a conviction more than ten years old. Fed. R. Evid. 609(b). As the Government's statement of its intention to introduce Mr. Manning's convictions in 2008 and 2009 satisfies Mr. Manning's request for written pre-trial notice of Rule 609 evidence, the Court denies Mr. Manning's motion for an order compelling such notice as moot.

Mr. Manning's motion also requests "a pretrial hearing to allow a fair opportunity to contest" the Government's introduction of impeachment evidence under Rule 609. Def.'s Mem.

**NOT FOR PUBLICATION**

13. To determine the admissibility of prior convictions under Rule 609, the Third Circuit has prescribed four factors for the district court's analysis: "(1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness' testimony to the case, and (4) the importance of the credibility of the defendant." *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007) (citing *Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758 (3d Cir. 1982)). Without even knowing at this stage whether Mr. Manning intends to testify at trial, it is premature for the Court to determine the admissibility of Mr. Manning's prior convictions under Rule 609. *See, e.g. Luce v. United States*, 469 U.S. 38, 41 (1984) (the court must know the precise nature of the defendant's testimony to perform balancing of probative value of a prior conviction against prejudicial effect). The Court denies Mr. Manning's request for a pre-trial hearing on the admissibility of prior conviction evidence without prejudice to Mr. Manning's right to challenge the admissibility of such evidence should he choose to testify at trial.

**8. Motion for Order Compelling Early Disclosure of Scientific Reports and Memoranda**

Mr. Manning moves for early disclosure of all experts' opinions and qualifications under Fed. R. Crim. P. 16(1)(G). Mr. Manning asserts that the "Government has previously notified defense counsel that it intends to offer expert testimony in the areas of firearms, ammunition and investigation of firearms offenses." Def.'s Mem. 11. The Government responds that it "has decided that it will not call an expert to testify regarding this issue," but that if it does decide to present expert testimony, it will comply with Federal Rules of Evidence 702, 703, and 705 and provide Defendant "ample time" to review the expert's materials. Govt. Opp. 12. Because the Government has indicated that it does not intend to introduce expert testimony, the Court denies Mr. Manning's motion for early disclosure as moot.

7

**NOT FOR PUBLICATION**

      9.   **Request for Permission to File Additional Motions**

Mr. Manning requests permission to file additional motions should they become necessary as discovery proceeds. Def.'s Mem. 14. The Government consents to this request to the extent it is consistent with the Court's existing Order for Discovery and Inspection. Govt. Opp. 18. The Court grants Mr. Manning's request for permission to file additional motions to the extent permitted by the Court's standing Order for Discovery and Inspection.

      10. **Cross-Motion to Compel Reciprocal Discovery**

The Government cross-moves to compel Mr. Manning to produce reciprocal discovery under Fed. R. Crim. P. 16(b) and prior statements of defense witnesses under Fed. R. Crim. P. 26.2. Govt. Opp. 19. Rule 16(b) provides for reciprocal disclosure by the defendant of documents and objects, reports of examinations and tests, and a written summary of expert witness testimony. Rule 26.2 provides for the defendant's disclosure of statements, as defined in Rule 26.2(f), of any witness that the defendant intends to call at trial. Fed. R. Crim. P. 26.2. "Rule 26.2 essentially incorporates into the rules of criminal procedure the substance of the Jencks Act, 18 U.S.C. § 3500, and was designed to place the disclosure of prior relevant statements of a defense witness in the possession of the defense on the same legal footing as the disclosure of prior statements of prosecution witnesses in the hands of the government." *United States v. Yawson*, Cr. No. 13-271, 2014 WL 3401663, at *5 (W.D. Pa. July 10, 2014) (citing Advisory Committee Notes to Fed. R. Crim. P. 26.2). The Court grants the Government's motion for disclosure under Rules 16(b) and 26.2. To make the parties' disclosure of witness statements consistent, the Court orders that Mr. Manning produce all Rule 26.2 materials to the Government at least seven days before trial.

**NOT FOR PUBLICATION**

## CONCLUSION

The Court denies Mr. Manning's omnibus motion in part and grants it in part. The Court grants the Government's cross-motion. An appropriate order follows.


Date: March 24, 2015

**/s/ William H. Walls**
United States Senior District Judge
