**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : **OPINION** |
| v. | : |
| | : Cr. No. 14-326 (WHW) |
| COREY THERMITUS and JAMIE MANNING, | : |
| Defendants. | : |

**Walls, Senior District Judge**

Defendant Jamie Manning moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c). Defendant's motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2014, Jamie Manning was indicted on charges arising out of a series of carjackings in Newark. A superseding indictment issued on October 10, 2014 charged him with three counts of carjacking, one count of conspiracy to commit carjacking, one count of attempted carjacking, and four counts of the use of a firearm in furtherance of a crime of violence. *See* Indict., ECF No. 34.

At trial, the government introduced evidence about three completed carjackings and one attempted carjacking. Transcript, ECF No. 66-3, 1.5:1-5. Ana Martins testified that she was carjacked and her debit card was stolen by two men, one of whom threatened her with a gun, on December 20, 2012. *Id.* 1.18:20-1.77:2. Christopher Ifill and Cheryl Ann Ifill testified that, six days later, they were the victims of another carjacking during which one of the perpetrators

threatened Ms. Ifill with a gun. *Id.* 1.78:1-2.17:12. Amanda Lovell testified that she was the victim of a similar carjacking that took place on December 28, 2012. *Id.* 2.12:8-2.49:10. Tamesha McPleasant and Consiel McPleasant also testified that they were the victims of an attempted carjacking, also on December 28, where a gun was fired. *Id.* 2.51:12-2.135:14. In addition to these witnesses, a police officer testified about the investigation and another officer testified about Manning's arrest, which occurred after he was found in Lovell's stolen vehicle on the same night as her carjacking. *Id.* 2.51:20-2.135:10. During the testimony of these witnesses, the government introduced surveillance videos of two of the carjackings, bank statements showing withdrawals that were made using Martins's stolen debit card, and a video of Martins's identification of the Defendant when presented with a police photo array.

Manning was convicted of all counts in the superseding indictment on April 30, 2015. He brought a motion for judgment of acquittal on December 9, 2015, which was timely because of a consent order allowing him to file this motion within 30 days of his receipt of the trial transcripts. ECF Nos. 59, 66. The government opposes the motion. ECF No. 67.

## STANDARD OF REVIEW

When "reviewing a Fed. R. Crim. P. 29 post-verdict motion for judgment of acquittal, a district court must 'review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence.'" *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (quoting *United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)). District courts "must be ever vigilant in the context of Fed. R. Crim. P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). The "burden on a defendant

who raises a challenge to the sufficiency of the evidence is extremely high." *United States v. Lore*, 430 F.3d 190, 203 (3d Cir. 2005) (quotation omitted).

## DISCUSSION

Manning argues that the government introduced insufficient evidence to prove that he was involved with any of the carjackings.

**1) The December 20 Carjacking**

Manning's arguments about the December 20 carjacking primarily challenge Martins's credibility as a witness. He argues that her ability to identify the perpetrator in a photo array was "highly questionable" because she viewed the photo array 18 days after the event took place and because the carjacking occurred in "approximately one minute," ECF No. 66 at 3. He also notes that her testimony that Manning approached her from her front conflicts with the written statement she gave to the police, which said that the perpetrator approached "from behind." *Id.* Manning also points to Martins's initial statement that the perpetrator had a "Sunni beard" and her inability to precisely describe what she meant by this statement at trial, asserting that this discrepancy "compels the conclusion that the statement was orchestrated by the police." *Id.*

The Court is obligated to not "usurp the role of the jury by weighing credibility" on a Rule 29 motion. *Brodie*, 403 F.3d at 133; *see also United States v. Guzman-Montanez*, 756 F.3d 1, 9 (1st Cir. 2014) ("The factfinder is free to conduct its own interpretation of the evidence. The fact that the jury opted to give more weight to one version of the facts over another is not for us to review." (internal citation omitted)); *United States v. Boone*, 2004 WL 187151 at *5 (S.D.N.Y. Jan. 19, 2004) (where there were discrepancies between an officer's trial testimony and his sworn complaint, a "reasonable juror could have concluded that the inaccuracies in the complaint may have been caused by time pressures and a careless [prosecutor] and that [the

officer] was truthful when testifying in court."). Martins's identification of Manning was taped, and that video was shown in court, giving the jury an opportunity to assess the certainty with which she identified the Defendant's photo. Tr. 1.47:8-1.53:4. Martins was also vigorously cross-examined about her reference to a "Sunni beard," *id.* 1.60:2-1.62:8, and the inconsistency between her statements as to the perpetrators' approach, *id.* 1.56:21-1.58:5. Having been presented with these arguments, the jury found Martins's account of the events to be credible.

Manning also notes that the government did not introduce fingerprint evidence or video evidence of any perpetrator using Martins's stolen debit card. The fact that the government did not produce videotape, fingerprint evidence, or any other specific type of proof is not relevant to the sufficiency of the evidence that it did introduce. The government's "failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged." *United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000).

Martins's testimony and her identification of Manning was sufficient to sustain his conviction for the December 20 carjacking. Even if it were not, the government introduced supporting evidence that Manning has not challenged, including a neighborhood surveillance video of the carjacking. Tr. 1.29:8-1.34:12. Although the events that took place in the video were described as "very difficult to see," the video provided additional support for Martins's testimony. Tr. 1.29:8-1.34:12. The government also introduced bank statements showing that, within 10 minutes of the carjacking, five withdrawals were made from Martins's account using her stolen debit card at an ATM located three blocks from Manning's home, in a restaurant where Manning had previously been photographed. Tr. 1.35:2-1.36:23; 2.155:9-24. The totality

**NOT FOR PUBLICATION**

of the evidence introduced at trial was more than sufficient to sustain a conviction for the December 20 carjacking.

### 2) The December 26 Carjacking

Manning points out that the victims of the December 26 carjacking did not view a photo array until 20 days after the incident. ECF No. 66 at 4. He also argues that the Iffils' testimony was contradictory. Ms. Ifill identified Manning as one of the participants in her carjacking, tr. 1.109:6-1.110:7, but her account of the event and Mr. Ifill's account placed Manning on different sides of the car. Tr. 2.8:2-2.10:4.

A court should "defer to a jury's assessments with respect to credibility, conflicting testimony, and the jury's choice of the competing inferences that can be drawn from the evidence" unless the jury's inferences are "specious." *United States v. Vale*, 807 F.3d 508, 515 (2d Cir. 2015) (quoting *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008)). Although the Iffils' testimony about the carjacking conflicted with respect to which side of the car Manning was on, it was the prerogative of the jury to judge the witnesses' credibility and choose from the possible inferences that could be drawn from this conflict. The jury's conclusion that Ms. Iffil's identification of Manning was accurate was a reasonable inference based on the testimony that was presented.

Finally, Manning again argues that there was no fingerprint or video evidence. ECF No. 66 at 4. As discussed, the absence of fingerprint or video evidence does not diminish the sufficiency of the evidence that was introduced by the government. The jury's verdict as to the December 26 carjacking was supported by sufficient evidence.

### 3) The December 28 carjacking

Manning argues that evidence of the December 28, 2012 carjacking of Mrs. Lovell was insufficient because she was not shown any photo arrays and there was no fingerprint or video evidence. *Id.* at 5.

That Lovell was not shown a photo array did not make her later identification of Manning inadmissible or insufficient. Lovell was cross-examined about the statements she made to the police and the fact that she was not asked to look at photos. Tr. 2.40:1-2.43:9. The jury was able to judge her credibility and decide how much weight to give her identification. In making that decision, it was also free to consider the fact that, later on the night of the incident, Manning was found in Lovell's damaged car when he was finally apprehended. *Id.* 2.188:16-2.202:11. This evidence was sufficient for a reasonable jury to find the Defendant guilty, and, again, is not undermined by the absence of fingerprint or video evidence.

### 4) The December 28 Attempted Carjacking

Finally, Manning argues that there was insufficient evidence to convict him for the attempted carjacking of the McPleasants. He notes that Ms. McPleasant was unable to identify Manning and asserts that "they jury's verdict can only be based on the fact that Mr. Manning was seen in the Lovells' vehicle later that night. ECF No. 66 at 5.

Ms. McPleasant's testimony was verified by her husband, who witnessed part of the incident. A video of the attempted carjacking taken by the McPleasants' surveillance camera was played to the jury, allowing them to observe the characteristics of the carjackers. Tr. 2.76:20. Finally, Mr. McPleasant's description of the carjackers' getaway car, *id.* 2.116:17-22, matched a description of Lovell's stolen car, *id.* 2.20:15-18. These other pieces of evidence sufficiently supported the jury's verdict that Manning was guilty of the December 28 attempted carjacking.

## CONCLUSION

**NOT FOR PUBLICATION**

The Court finds that a rational juror could have found Manning guilty of the counts in the indictment based on the totality of the evidence presented at trial. Defendant's motion is denied. An appropriate order follows.

Date: March 16, 2016

Hon. William H. Walls
United States Senior District Judge