<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMIE MANNING,<br><br>   Defendant. | Case No. 2:14-cr-00326 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Jamie Manning's ("Manning") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). (ECF No. 93.) The United States of America (the "Government") filed an Opposition to Manning's Motion. (ECF No. 105.) Manning filed a Reply to the Government's Opposition. (ECF No. 106.) Having reviewed the parties' submissions filed in connection with the Motion and having held Oral Argument on December 12, 2024, for the reasons set forth below and for good cause having been shown, Manning's Motion is **DENIED**.

**I.     BACKGROUND**

On April 30, 2015, Manning was found guilty on nine counts by a jury verdict after a plea of not guilty. (ECF No. 61.) Judgment was ultimately entered on seven counts: one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 317 (Count 1); four counts of carjacking and attempted carjacking in violation of 18 U.S.C. § 1951 (Counts 2, 4, 6, and 8); and two counts of use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 3 and 5). (ECF No. 79.) Manning was sentenced to a 564-month term

of imprisonment. (*Id.*) Manning is currently incarcerated at the United States Penitentiary ("USP") in Canaan, PA. (ECF No. 93.)

On December 9, 2015, Manning filed a Motion for Acquittal (ECF No. 66), which was denied on March 6, 2016 (ECF No. 74). On June 28, 2024, Manning filed a Motion for Reduction of Sentence under First Step Act 18 U.S.C. § 3582(c)(1)(A)(i), *i.e.*, for Compassionate Release. (ECF No. 93.)

## II. LEGAL STANDARD

A district court may modify a sentence of imprisonment only in "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstances is compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the Bureau of Prisons ("BOP") or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). A court may reduce a sentence if the court finds the following: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission (the "Commission") has promulgated a policy statement, revised in 2023, in relevant part, allowing a court to grant compassionate release or a sentence reduction upon a finding of (i) extraordinary and compelling reasons; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with the Section 3553(a) factors, to the extent applicable ("Policy Statement"). *See United States*

*v. Rutherford*, 120 F.4th 360, 366 (3d Cir. 2024) (citing U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sentencing Comm'n 2023); *see also United States v. Williams*, No. 17-0379, 2021 U.S. Dist. LEXIS 1261, 2021 WL 37536, at *2 (D.N.J. Jan. 4, 2021) (citing U.S.S.G § 1B1.13 (U.S. Sentencing Comm'n 2018)); *United States v. Burd*, Cr. No. 21-86, 2023 WL 3271167, at *1 (D.N.J. May 5, 2023) (quoting *United States v. Sparrow*, Cr. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020), *aff'd*, 837 F. App'x 932 (3d Cir. 2021)).

Congress did not define the phrase "extraordinary and compelling reasons" in 18 U.S.C. § 3582(c)(1)(A), but the Commission's Policy Statement provides "extraordinary and compelling reasons exist under any of the following [six] circumstances or a combination thereof: (1) Medical Circumstances of the Defendant"; "(2) Age of the Defendant"; "(3) Family Circumstances of the Defendant"; "(4) Victim of Abuse"; "(5) Other Reasons"; and "(6) Unusually Long Sentence." U.S.S.G § 1B1.13. Pertinently, "Other Reasons" states, "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* Additionally, "Rehabilitation of the Defendant" is a factor to be considered, but it "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

"[S]entencing courts are [] permitted 'to exercise broad discretion' to determine whether and to what extent the prisoner warrants, or, in other words, is qualified for, a sentence reduction." *Rutherford*, 120 F.4th at 365 (3d Cir. 2024) (quoting *United States v. Stewart*, 86 F.4th 532, 534 (3d Cir. 2023) (internal quotation marks omitted)); *United States v. Colon*, Cr. No. 19-868, 2024

WL 4607486, at *3 (D.N.J. Oct. 25, 2024) ("Although courts are not bound by Section 1B1.13's definition of 'extraordinary and compelling reasons,' courts may still consider the definition as a 'guide' to 'shed[] light on the meaning of extraordinary and compelling reasons.'") (quoting *United States v. Andrews*, 12 F.4th 255, 259–60 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022)); *see United States v. Batista*, No. 18-415, 2020 U.S. Dist. LEXIS 139068, 2020 WL 4500044, at *2 (D.N.J. Aug. 5, 2020), *appeal dismissed*, *USA v. Batista*, No. 20-2746, 2021 U.S. App. LEXIS 5574, 2021 WL 688971 (3d Cir. Feb. 4, 2021)) ("[C]ourts [have] some flexibility and discretion to consider the unique circumstances of a motion for compassionate release.") (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020))).

"Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors." *United States v. Parnell*, No. 21-2312, 2022 U.S. App. LEXIS 510, at *3 (3d Cir. Jan. 7, 2022) (citations omitted).

### III. DECISION

Manning has satisfied the statutory exhaustion requirement.[1] On April 22, 2024, Manning filed a written request to the BOP via the warden of USP Canaan to move this Court for a sentence reduction based on extraordinary and compelling circumstances under compassionate release. (ECF No. 93 at 9–10.) On April 29, 2024, the request was denied and became eligible for appeal. (*Id*. at 10.) The Government does not argue that Manning has not satisfied the statutory exhaustion

---

[1] Section 3582(c)(1)(A) provides a court entertain a motion for compassionate release "only after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *See United States v. Johnson*, No. 21-2649, 2022 U.S. App. LEXIS 12039, 2022 WL 1402048, at *1 (3d Cir. May 4, 2022) (quoting 18 U.S.C. § 3582(c)).

requirement in its opposition but opposes Manning's sentence reduction for not meeting the requirements of 18 U.S.C. § 3582(c)(1)(A). (ECF No. 105.) The Court turns to the substance of the Motion.

### A.     "Extraordinary and Compelling Reasons" Under "Other Reasons"

Manning argues there exist "extraordinary and compelling reasons" to reduce his sentence. (ECF Nos. 93, 106.) Manning asserts there is a gross sentencing disparity between him and his co-conspirator, Corey Thermitus ("Thermitus"), "for nearly identical . . . conduct." (ECF Nos. 93 at 24, 106 at 1–5.) Beyond this disparity, he argues extraordinary and compelling reasons for a sentence reduction can be found based on the "combination of [his] extensive rehabilitation, success in overcoming his drug and alcohol addiction, robust family support system, and strong release plan[.]" (ECF No. 93 at 26–27.) The Government contends such factors are not similar in gravity to those enumerated in U.S.S.G § 1B1.13, even when considered together. (ECF No. 105 at 7.) The Government also argues Manning's sentence was lawfully imposed given the laws at the time, and the Third Circuit has held nonretroactive changes to the applicable statutory minimums in this case cannot be utilized as reasons for modifying a sentence.[2] (*Id.* at 8.)

Currently, Manning does not meet the required "extraordinary and compelling" standard for a sentence reduction. Because Manning's Criminal History was significantly higher than that of Thermitus, the disparity between the sentences of the two defendants was reasonable. (*Id.* at 11.) Manning had six prior felony convictions, five prior misdemeanor convictions, and committed

---

[2] Previously, Manning's primary argument was his sentence was unusually long, as described in U.S.S.G. § 1B1.13 (b)(6) since he would not receive the same sentence for the same counts if sentenced today. (ECF No. 93 at 10.)  Following the Third Circuit decision in *United States v. Rutherford*, 120 F.4th 360 (3d Cir. 2024), which found U.S.S.G. § 1B1.13 (b)(6) was precluded in cases involving "stacked" 18 U.S.C. § 924(c) counts, the parties stipulated that Manning is ineligible for relief under (b)(6). (ECF No. 104.)

the offenses at issue while on probation, which resulted in a Criminal History Category of VI, even "before consideration of his career offender status." (*Id.* at 3.) In contrast, Thermitus had only one prior felony conviction, though he too committed the offenses while on probation, ultimately resulting in a Criminal History Category of III. (*Id.* at 11.) Accordingly, the argument that this disparity can warrant a sentence reduction is unavailing.

As to the other factors Manning states are of "similar gravity" in combination, this Court finds they are not sufficient at this time. Rehabilitation is an important factor, but it "cannot 'by itself' serve as an extraordinary and compelling reason for [his] release." *Stewart*, 86 F.4th at 535–36 (citing U.S.S.G. § 1B1.13(d) and 28 U.S.C. § 994(t)). *See also United States v. Carter*, 711 F. Supp. 3d 428, 439 (E.D. Pa. 2024) (determining compassionate release not warranted even when considering rehabilitation alongside other circumstances since they were not similar in gravity to the enumerated reasons). *United States v. Gordon*, 585 F. Supp. 3d 716 (E.D. Pa. 2022), is also instructive in this situation. The defendant there had an even stronger claim of rehabilitation, in tandem with other argued factors such as the impact of COVID-19 pandemic on the prison system, the length of his sentence, and his age when he committed the crimes, yet that court found none of them, alone or together, warranted a sentence reduction. *See id.* at 722. Over 23 years of an "effective life sentence," the defendant in *Gordon* had "completed over 125 courses and 500 hours of educational programming[,] . . . received multiple certificates relevant to rehabilitation," helped other inmates educationally, and "ha[d] not received a disciplinary violation in over eleven years." *Id.* at 717. And while Manning has "completed several classes and release preparation programs [and] . . . earned his GED during his incarceration[,]" he has also "committed [] two disciplinary infractions over 10 years of incarceration." (ECF No. 93 at 27.) While Manning's rehabilitation is

certainly commendable, courts in this Circuit have found others who accomplished more while incarcerated did not meet the "extraordinary and compelling" threshold in U.S.S.G § 1B1.13.

Moreover, Manning's infractions, particularly his most recent one, are concerning. (*See* ECF No. 93-10.) In 2018, Manning was cited for "possessing drugs/alcohol," and in late 2022, he was cited for "possessing a dangerous weapon." (*Id.*) While an infraction is not prohibitive to granting this Motion, it is worrisome that after spending "over 10 years of incarceration" with claimed "positive developments," he was recently found in his cell with a dangerous weapon. (ECF No. 93 at 27.) Related to drugs and alcohol, "[t]here is also no documented history of Manning having had a drug or alcohol issue at the time of these offenses/sentencing." (ECF No. 105 at 10). When presented with this contention, Manning's counsel argued, "It would be unrealistic to expect in all cases complete candor from a defendant about their drug and alcohol abuse on the eve of their sentencing." (ECF No. 106 at 6.) The Reply also states the "record is riddled with evidence that [Manning] participated in drug use, including numerous prior possession and distribution offenses, witness[ed] addiction in his family, and opioid use surfac[ed] in drug tests." (*Id.*). The Court shall not rule on the previous extent of Manning's drug and alcohol use, but simply applaud his efforts and take his claim of overcoming addiction at face value.

Manning also argues his family support system,[3] release plan, and newfound faith in Islam tilt in favor of a sentence reduction. However, while such factors might support a future motion, they are not sufficient today. *See Carter*, 711 F. Supp. 3d at 439 ("[D]efendant's 'other circumstances,' [such as] his strong family ties, extensive efforts at rehabilitation, and good conduct while incarcerated . . . even when considered together . . . while commendable and

---

[3] The Court notes many friends and family of Manning attended the Oral Argument and submitted letters in his support. The Court thanks them for their time and support of Manning.

impressive, fall short of [the] demanding threshold."). Likewise, in essentially all the cases Manning cites to as examples of motions granted in part due to strong rehabilitation efforts, those defendants had additional compelling reasons either explicitly listed in the U.S.S.G § 1B1.13 factors or that were deemed "similar in gravity" to an enumerated factor. (ECF Nos. 93, 106.) *See e.g., United States v. Tavarez*, Cr. No. 08-242, 2024 WL 4043740, at *2 (E.D.N.Y. Sept. 4, 2024) (granting sentence reduction under (b)(5) given the court's "broad discretion to consider the full slate of potential extraordinary and compelling reasons that might support a motion," which were the defendant's rehabilitation efforts, family circumstances, his own medical condition, and the "exceedingly harsh conditions of incarceration resulting from the COVID-19 pandemic"); *United States v. Cain*, Cr. No. 03-5114, 2024 WL 3950641, at *5 (W.D. Wash. Aug. 27, 2024) (reducing sentence under (b)(5) various reasons, including rehabilitation, defendant's age at the time of the offenses, unusually long sentence imposed, amount of time he had already served, the government's failure to adhere to its plea agreement, defendant's likely claim for ineffective assistance of counsel, and aging parents); *United States v. Reynolds*, Cr. No. 12-00084, at 6–7 (D. Mont. Apr. 30, 2024) (granting motion to reduce defendant's sentence to time served under the (b)(5) catch-all based on a combination of factors, such as medical conditions, unusually long sentence, age, sentencing disparity with co-defendants and similarly situated defendants, and the difficulties associated with extended home confinement); *United States v. Movahhed*, Cr. No. 19-93, 2024 WL 496061, at *4 (D. Utah Feb. 8, 2024) (finding extraordinary and compelling reasons when reviewing the combination of defendant's family circumstances, health, and the "expectations of all parties at sentencing concerning the length of defendant's sentence"); *United States v. Cromitie*, Cr. No. 09-558, 2024 WL 216540, at *5–*8 (S.D.N.Y. Jan. 19, 2024) (granting reduction of 25-year mandatory minimum sentence to time served under (b)(5) because defendant

presented extraordinary and compelling reasons such as his poor conditions of confinement during COVID-19,chronic health issues, the length of his sentence relative to his actual criminal behavior due to improper government conduct, and rehabilitation efforts); *United States v. Vanholten*, Cr. No. 12-00096, 2023 WL 8357739, at *3–*5 (M.D. Fla. Dec. 1, 2023) (finding extraordinary and compelling reasons under (b)(5) after defendant presented a combination of factors such as his rehabilitation, medical issues, length of time served, strong disciplinary record, and the disparity between his sentence and other defendants of similar backgrounds with the court noting "[the defendant] received one of these unusually long sentences as a de facto punishment for not cooperating"); *United States v. Knapp*, Cr. No. 19-03, 2023 U.S. Dist. LEXIS 211545, at *3–4 (D. Mont. Nov. 28, 2023) (granting sentence reduction to time served under (b)(5) as the "combined weight" of the reasons provided were "similar in gravity" to the enumerated reasons, including rehabilitation, various health issues, strained family relationships and the desire to fix them, the impact of COVID-19, and conditions of confinement). Here, Manning presents no additional (b)(1)–(4) factor outside of the assortment of reasons he claims should be found extraordinary and compelling.

Notably, of Manning's many citations on this point, none are from this District. In fact, the one Third Circuit case cited in the Reply, albeit for a proposition from the concurrence, was an instance where the Court of Appeals affirmed the denial of a compassionate release motion. *See United States v. Kramer*, No. 23-1246, 2024 WL 313389 (3d Cir. Jan. 26, 2024). In summary, the Court finds none of Manning's citations support finding an extraordinary and compelling reason for compassionate release solely on his asserted bases.

Accordingly, the Court finds Manning does not present sufficient evidence of an extraordinary and compelling reason for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

### B.  Section 3553(a) Factors

Even if the Court were to find extraordinary and compelling reasons were present, Manning has not demonstrated a sentence reduction would currently be appropriate based on the factors enumerated in Section 3553(a). 18 U.S.C. § 3582(c)(1)(A).

Manning asserts the Section 3553(a) factors support his Motion because his "present circumstances—not his past conduct alone" must be considered, which means looking to his "rehabilitation, triumph over addiction, and relationships with family." (ECF No. 106 at 8.) The Government contends the nature and circumstances of the offense, the seriousness of the offense, and Manning's criminal history and characteristics were each considered and properly reflected in the sentencing pursuant to the 18 U.S.C. §§ 3553(a) factors. (ECF No. 105 at 9–11.) Additionally, the Government specifies Manning's sentence is not an "unwarranted disparity" among "defendants with similar records who have been found guilty of similar conduct" because it was properly calculated and within the advisory range. (*Id.* at 10–11.)

The Section 3553(a) factors include:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (quoting *United States v. Davies*, 746 F. App'x 86, 88–89 (3d Cir. 2018)).

The Court agrees with the Government that consideration of these factors currently weighs against a sentence reduction. Manning's crimes, including numerous carjackings with a weapon, are violent offenses this Court takes seriously. While Manning should be congratulated on his efforts to rehabilitate his character while incarcerated, the recent weapon infraction detracts from such progress.[4] The Court has also considered Manning's upbringing, including his absentee father, drug and alcohol addiction, the prior crimes he was a victim of, and his current family ties and release plan. (*See* ECF No. 93.) Nonetheless, the combination of these factors is presently insufficient, especially in light of the unavailing disparity argument and the Third Circuit's ruling in *Rutherford* regarding nonretroactive changes in the law.

Accordingly, the Motion for Compassionate Release is **DENIED**.

### IV.    CONCLUSION

For the reasons set forth above, Manning's Motion is **DENIED WITHOUT PREJUDICE**. The Court welcomes Manning to file another Motion for Compassionate Release in two years with evidence of any "extraordinary and compelling reason" as determined by 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G § 1B1.13, any facts relevant to the Section 3553(a) factors, as appropriate, and, in particular, further information regarding his ongoing rehabilitation, use of

---

[4] During Oral Argument, the Government asserted that Manning has not fully utilized the BOP's resources because he has not completed the numerous classes and certifications recommended to him by the BOP. Manning's counsel replied that Manning is constrained by the courses offered at his facility and that he is not given priority access to programs due to the length of his prison sentence. To the fullest extent, this Court hopes Manning will take advantage of every opportunity possible to separate himself from the prior infractions and demonstrate further rehabilitation before submitting another motion for compassionate release. To this end, BOP is directed to assist in his enrollment in applicable courses whenever possible.

BOP's resources to the fullest efforts in achieving his goals such as updated classes taken, and stronger disciplinary history with no new infractions. An appropriate order follows.

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: January 2, 2025